(*Counsel of record on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD SAVANNAH, et al., | No. 15-cv-05845-VC |
| Plaintiffs, | **CLASS ACTION** |
| v. | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT** |
| SODEXO, INC., et al., | |
| Defendants. | Date: January 12, 2017<br>Time: 10:00 a.m.<br>Courtroom: 4<br>450 Golden Gate Avenue, 17th Floor<br>San Francisco, California 94102<br>Judge: Hon. Vince Chhabria |

MICHAEL A. STRAUSS (Cal. State Bar No. 246718)
ANDREW C. ELLISON (Cal. State Bar No. 283884)
STRAUSS & STRAUSS, A PROFESSIONAL CORPORATION
121 North Fir Street, Suite F
Ventura, CA 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607
mike@strausslawyers.com

ALEJANDRO P. GUTIERREZ (Cal. State Bar No. 107688)
LAW OFFICES OF HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ, APC
200 Hathaway Building
5450 Telegraph Road
Post Office Box 3577
Ventura, CA 93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
agutierrez@hathawaylawfirm.com

Attorneys for Plaintiffs and the Putative Class

JEFFREY D. WOHL (Cal. State Bar No. 096838)
JULLIE Z. LAL (Cal. State Bar No. 279067)
W. TUCKER PAGE (Cal. State Bar No. 306728)
PAUL HASTINGS LLP
55 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
jullielal@paulhastings.com
tuckerpage@paulhastings.com

Attorneys for Defendants
Sodexo, Inc., and Sodexo Remote Sites Partnership

On January 12, 2017, a hearing was held on the joint motion of plaintiffs Reginald Savannah and Troy O'Prien and defendants Sodexo, Inc., and Sodexo Remote Sites Partnership (collectively in the singular, "Sodexo"), for final approval of their class settlement (the "Settlement") and payment to the Settlement Administrator. Michael A. Strauss and Andrew C. Ellison of Strauss & Strauss, APC, and Alejandro Gutierrez of Law Offices of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez, appeared for plaintiffs; and Jeffrey D. Wohl and Jullie Z. Lal of Paul Hastings LLP appeared for Sodexo.

The parties have submitted their Settlement, which this Court preliminarily approved by its order entered on August 24, 2016. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing on January 12, 2017, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to the Preliminary Approval Order, a Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval; a Class Member Settlement Information Sheet; and an Election Not to Participate in Settlement were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. One Class Member filed a written objection to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable,

LEGAL_US_W # 88050117.2

1  which satisfied the requirements of law and due process.

2.    In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement. Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Sodexo served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Sodexo's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

3.    For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

4.    The Court considers and overrules the objection raised by Class Member Thomas Kenton Meyer, who did not appear at the final approval hearing.

5.    The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6.    The Court finds and determines that the Settlement Shares to be paid to the Class Members who did not timely submit valid elections not to participate, as provided for by the Settlement,

are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members who did not timely submit valid elections not to participate out of the Net Settlement Amount in accordance with the Settlement.

7. The Court finds and determines that the fees and expenses in administrating the Settlement, in the amount of $10,500.00, are fair and reasonable. The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

8. The Court approves the State of California Unclaimed Wages Fund as the *cy pres* recipient of any settlement checks that remain uncashed 180 days after mailing.

9. The Court determines by separate order the request by plaintiffs and Class Counsel to the Class Representative Payments and the Class Counsel Fees and Expenses Payment.

10. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

11. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Sodexo make payments to the Class Members in accordance with the Settlement.

12. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

13. Pursuant to the Settlement, plaintiffs and all Class Members who did not timely submit valid elections not to participate are permanently barred from prosecuting against Sodexo, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts (including all Sodexo Employers as defined in the Settlement), and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

14. The parties are hereby ordered to comply with the terms of the Settlement.

15. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class Action Settlement filed on August 24,

| | |
|---|---|
| 1 | 2016, and this order. |
| 2 | 16. This document will constitute a final judgment (and a separate document constituting the |
| 3 | judgment) for purposes of Rule 58, Federal Rules of Civil Procedure. |
| 4 | The Parties will bear their own costs and attorneys' fees except as otherwise provided by the |
| 5 | Court's order granting the Class Counsel Fees and Expenses Payment. |
| 6 | IT IS SO ORDERED. |
| 7 | Dated: January 13, 2017. |

                                                            Vince Chhabria
                                           United States District Judge